IN THE UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

GERALD NIEKAMP
    Plaintiff,

vs.                                                  DOCKET NO. 3:10-CV-00469

USAA GENERAL INDEMNITY COMPANY
    Defendant

## AMENDED COMPLAINT

COMES NOW, GERALD NEIKAMP, ("Plaintiff"), and files his Amended Complaint against USAA GENERAL INDEMNITY COMPANY ("USAA"), for breach of contract and hereby shows unto the Court the following:

### COMMON FACTUAL ALLEGATIONS

1.    This is an action for damages in excess of the jurisdictional limits of this Court, as well as for additional equitable relief.

2.    At all times relevant herein, Plaintiff, GERALD NIEKMAP, who resides in Galveston County, Texas.

3.    At all times referenced herein, Defendant, USAA GENERAL INDEMNITY COMPANY domiciled in the State of Texas and engaged in the business of insurance in the State of Texas. This Defendant may be served with process through its President, Stuart Blain Parker, or any other Officer of USAA, 9800 Fredericksburg Road, San Antonio, Texas 78288.

4.    This Court has jurisdiction in accordance with 42 U.S.C. 4072. This suit concerns a Standard Flood Insurance Policy (the "Policy") issued by the Defendant and covering the Plaintiff's insured property, which is located at 16535 Jamaica Cove Road, Galveston, Texas. Section VII-R of the Policy expressly provides that any lawsuit brought against the Defendant

**EXHIBIT 1**

with regard to the Policy must be filed in the United States District Court for the district in which the Property is located. Reference to the Policy is hereby made for all purposes.

5. Venue is mandatory in this Court per 42 U.S.C. 4072. The Property covered by the Policy is located in Galveston County, Texas.

6. All conditions precedent to the recovery of all of the relief sought by Plaintiff has occurred or has been performed.

7. In consideration of the premiums paid, USAA issued to Gerald Niekamp a policy of flood insurance bearing policy number 008290231 with a policy period effective during the time of the flood event ("the Policy"). The Policy was in full force and effect when substantial damage occurred to the property as a result of the flood waters of Hurricane Ike on or about September 13, 2008. A copy of the General Dwelling Policy Form and the Declarations Page as it exists in the Plaintiff's possession is attached hereto as Exhibit "A."

8. The policy insured the Property against damage arising from floods. Section II-A of the Policy defines a "flood" as being a "general and temporary condition of partial or complete inundation of two or more acres of normally dry land area or of two or more properties (at least one of which is your property) from (a) Overflow of inland or tidal waters; (b) Unusual and rapid accumulation or runoff of surface waters from any source; (c) Mudflow."

9. The Property was flooded on the morning of September 13, 2008 by Hurricane Ike (the "Flood"). Flooding is a well recognized, common characteristic of hurricanes. The water produced by Hurricane Ike unusually and rapidly accumulated on the surface of the Property, and it eventually penetrated the insured property through its walls and doors.

**EXHIBIT 1**

10. To the best of the Plaintiff's knowledge, adjacent properties, which are legally separate and distinct from the insured location, were simultaneously flooded by Hurricane Ike, and that flooding was similar to the flooding which occurred at the Property.

11. The insured location was significantly damaged by the Flood, and land adjacent to the Plaintiff's property was flooded by the waters of Hurricane Ike.

12. The Property was flooded on the morning of September 13, 2008 by Hurricane Ike (the "Flood"). Flooding is a well recognized, common characteristic of hurricanes. The water produced by Hurricane Ike unusually and rapidly accumulated on the surface of the Property, and it eventually penetrated the insured property through its walls and doors.

13. The Property was significantly damaged by the Flood. Water from the flood damaged the Plaintiff's residence and contents.

14. The Plaintiff timely filed a claim under the Policy with the Defendant for the Property arising from the Flood, and Defendant assigned claim number 08-290231 to the claim.

15. The Defendant subsequently sent an insurance adjuster to inspect the damage to the Property arising from the Flood. Defendant has neglected to conduct a full and adequate investigation into the amount of flooding damage present in the area associated with the insured location.

16. Defendant has refused to appropriately consider the full scope of flood damages existing at the Niekamp property which is associated with Hurricane Ike.

**COUNT ONE- BREACH OF CONTRACT AGAINST USAA**

17. Plaintiff re-alleges paragraph 1 through 20 as if fully set forth herein.

18. The Plaintiff's property was damaged by Flood.

**EXHIBIT 1**

19.     The Policy is a contract which requires the Defendant to compensate the Plaintiff for damage resulting from a "flood" as defined in Section II-A of the Policy.

20.     The Flood which damaged the Property meets the definition of a "flood" under Section II-A of the Policy. Flood resulted from unusual and rapid accumulation of surface waters and it inundated at least two properties.

21.     Despite the Claim made on the Policy, the Defendant has refused to adequately inspect and document all of the information associated with the claim and Fidelity National has ignored evidence of the full scope of physical changes to the property caused by Flood.

22.     The Defendant has provided no legitimate reason for its refusal to compensate the Plaintiff for all of the damages sustained as a result of the Flood event.

23.     The Defendant, in whole or in part, denied Plaintiff's claim for.  USAA owed a duty to its policyholder, Gerald Niekamp, to make prompt and proper payment for their Hurricane Ike flood claim, and to make available the Policy limits to compensate its insured for this loss.  These duties arise from the language of the Policy itself, from the terms of the National Flood Insurance Act of 1968 and its amendments, and Title 44 of the Code of Federal Regulations (CFR).

24.     USAA breached these duties and obligations recited above, by failing to make available all proper sums to indemnify its insured, and by relying upon a position which is inconsistent and which in effect denied coverage, which is and should be inapplicable under the circumstances of this claim.

25.     USAA has breached the Policy by failing to pay all benefits available and owed under the Policy, by utilizing an inappropriate interpretation of the Policy so as to attempt to avoid its obligations imposed by the Policy and by applicable federal law.

**EXHIBIT 1**

26. As a result of these breaches, Plaintiff has been damaged in an amount equal to all coverage limits available to Plaintiff under the Policy for flood damage to the building and contents, Plaintiff has not been made whole, and Plaintiff has been unable to make repairs necessary to return the property to its pre-loss condition.

27. The Defendant's denial of the Claim is unjustified.

28. The Defendant's refusal to compensate the Plaintiff for damage to the Property resulting from the Flood is a breach of the Policy, and the Defendant has therefore committed a breach of their contract with the Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED, Plaintiff, Gerald Niekamp, pray for the following relief:

(a) Award against Defendant for the full value of Plaintiff's lost or damaged property and/or contents which resulted from the flood event associated with Hurricane Ike, that occurred on or about September 13, 2008; and

(b) All other relief that this Court may determine is just and appropriate.

RESPECTFULLY SUBMITTED, this the __ day of August, 2011.

                                      GERALD NIEKAMP, PLAINTIFF

                                      BY:  */s/ Jason M. Ciofalo*
                                          JASON M. CIOFALO
                                          TX BAR NO. 1034198

## EXHIBIT 1

## CERTIFICATE OF SERVICE

I, Jason M. Ciofalo, attorney for the Plaintiffs, do hereby certify that I electronically filed the foregoing document with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record.

Dated, this __ day of August, 2011.

*/s/ Jason M. Ciofalo*
JASON M. CIOFALO
TX FED I.D. NO. 1034198

Jason M. Ciofalo, Esq.
THE CIOFALO LAW FIRM, PLLC
2600 South Shore Boulevard, Suite 300
League city, TX 77573
Telephone:  (281) 668-9145
Facsimile:   (866) 908-6555
Jason@CiofaloLaw.com

**EXHIBIT 1**